# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40818
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AARON GUTIERREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:24-CR-74-2

_____

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

After a bench trial, Aaron Gutierrez was convicted, on an aiding-and-abetting theory, of two counts of assaulting, resisting, opposing, impeding, intimidating, or interfering with a correctional officer under 18 U.S.C. § 111(a)(1)–(2); 18 U.S.C. § 2. He asserts the evidence was insufficient to support his convictions because the Government failed to prove he:

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

personally made physical contact with the correctional officers; and assaulted, resisted, opposed, impeded, intimidated, or interfered with them.

His motion for judgment of acquittal at the end of the Government's case was denied (he did not present evidence after the denial). His above assertions are reviewed *de novo*. *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012). They fail for the following reasons.

Aiding and abetting requires proof a substantive offense transpired, and defendant: "associated with the criminal venture; purposefully participated in the crime; and sought by his actions for it to succeed". *United States v. Scott*, 892 F.3d 791, 798 (5th Cir. 2018) (citation omitted). "[A] defendant need not commit each element of the substantive offense, so long as he aided and abetted each element". *Id.* at 798–99. Gutierrez' contentions address only whether he committed the underlying offense—not whether he aided and abetted the assault of the officers. Accordingly, he has abandoned any challenge to his aiding-and-abetting convictions. *E.g.*, *Johnson v. Sawyer*, 120 F.3d 1307, 1315 (5th Cir. 1997) ("We have held repeatedly that we will not consider issues not briefed by the parties.").

AFFIRMED.